JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 11974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFF

VANEE FLOWERS Hoover

**(b)** County of Residence of First Listed Plaintiff **Delaware Cty**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
WILLIAM C. BENSLEY
1500 WALNUT ST., SUITE 900
PHILADELPHIA, PA 19102      267-322-4000

**CAPITAL ONE AUTO FINANCE**
County of Residence of First Listed: MONTGOMERY CTY PA
(IN U.S. PLAINTIFF CASES)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ⑤ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ⑤ 2  U.S. Government Defendant
- ⑤ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff)
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ⑤ 1 | ⑤ 1 | Incorporated or Principal Place of Business In This State | ⑤ 4 | ⑤ 4 |
| Citizen of Another State | ⑤ 2 | ⑤ 2 | Incorporated and Principal Place of Business In Another State | ⑤ 5 | ⑤ 5 |
| Citizen or Subject of a Foreign Country | ⑤ 3 | ⑤ 3 | Foreign Nation | ⑤ 6 | ⑤ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ⑤ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ⑤ 610 Agriculture | ⑤ 422 Appeal 28 USC 158 | ⑤ 400 State Reapportionment |
| ⑤ 120 Marine | ⑤ 310 Airplane | ⑤ 362 Personal Injury | ⑤ 620 Other Food & Drug | | ⑤ 410 Antitrust |
| ⑤ 130 Miller Act | ⑤ 315 Airplane Product | Med. Malpractice | ⑤ 625 Drug Related Seizure | ⑤ 423 Withdrawal | ⑤ 430 Banks and Banking |
| ⑤ 140 Negotiable Instrument | Liability | ⑤ 365 Personal Injury | of Property 21 USC | 28 USC 157 | ⑤ 450 Commerce/ICC Rates/etc. |
| ⑤ 150 Recovery of Overpayment | ⑤ 320 Assault, Libel & | Product Liability | ⑤ 630 Liquor Law | | ⑤ 460 Deportation |
| & Enforcement of Judgments Act | Slander | ⑤ 368 Asbestos Personal | ⑤ 640 R.R. & Truck | **PROPERTY RIGHTS** | ⑤ 470 Racketeer Influenced and |
| ⑤ 151 Medicare Act | ⑤ 330 Federal Employers' | Injury Product | ⑤ 650 Airline Regs. | ⑤ 820 Copyrights | Corrupt Organizations |
| ⑤ 152 Recovery of Defaulted | Liability | Liability | ⑤ 660 Occupational | ⑤ 830 Patent | ⑤ 810 Selective Service |
| Student Loans | ⑤ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ⑤ 840 Trademark | ⑤ 850 Securities/Commodities/ |
| (Excl. Veterans) | ⑤ 345 Marine Product | ⑤ 370 Other Fraud | ⑤ 690 Other | | Exchange |
| ⑤ 153 Recovery of Overpayment | Liability | ⑤ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ⑤ 875 Customer Challenge |
| of Veteran's Benefits | ⑤ 350 Motor Vehicle | ⑤ 380 Other Personal | ⑤ 710 Fair Labor Standards | ⑤ 861 HIA (13 95 ff) | 12 USC 3410 |
| ⑤ 160 Stockholders' Suits | ⑤ 355 Motor Vehicle | Property Damage | Act | ⑤ 862 Black Lung (923) | ⑤ 891 Agricultural Acts |
| ⑤ 190 Other Contract | Product Liability | ⑤ 385 Property Damage | ⑤ 720 Labor/Mgmt. Relations | ⑤ 863 DIW C/DIW W (405 (g)) | ⑤ 892 Economic Stabilization Act |
| ⑤ 195 Contract Product Liability | ⑤ 360 Other Personal Injury | Product Liability | | ⑤ 864 SSID Title XVI | ⑤ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ⑤ 730 Labor/Mgmt. Reporting | ⑤ 865 RSI (405(g)) | ⑤ 894 Energy Allocation Act |
| ⑤ 210 Land Condemnation | ⑤ 441 Voting | ⑤ 510 Motions to Vacate | & Disclosure Act | | ⑤ 895 Freedom of |
| ⑤ 220 Force Insure | ⑤ 442 Employment | Sentence | ⑤ 740 Railway Labor Act | **FEDERAL TAX SUITS** | Information Act |
| ⑤ 230 Rent Lease & Ejectment | ⑤ 443 Housing/ | Habeas Corpus: | | ⑤ 870 Taxes (U.S. Plaintiff | ⑤ 900 Appeal of Fee |
| ⑤ 240 Torts to Land | Accommodations | ⑤ 530 General | ⑤ 790 Other Labor Litigation | or Defendant) | Determination Under Equal |
| ⑤ 245 Tort Product Liability | ⑤ 444 Welfare | ⑤ 535 Death Penalty | | ⑤ 871 IRS - Third Party | Access to Justice |
| ⑤ 290 All Other Real Property | ⑤ 440 Other Civil Rights | ⑤ 540 Mandamus & Other | ⑤ 791 Empl. Ret. Inc. | 26 USC 7609 | ⑤ 950 Constitutionality of |
| | | ⑤ 550 Civil Rights | Security Act | | State Statutes |
| | | ⑤ 555 Prison Condition | | | ☒ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ⑤ 2 Removed from State Court
- ⑤ 3 Remanded from Appellate Court
- ⑤ 4 Reinstated or Reopened
- ⑤ 5 Transferred from another district (specify)
- ⑤ 6 Multidistrict Litigation
- ⑤ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief stement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. §1692(K)

## VII. REQUESTED IN COMPLAINT:
- ⑤ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in Complaint:
- JURY DEMAND: ☒ Yes  ⑤ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  02/19/2016

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | |
|---|---|
| VANEE FLOWERS : | Civil Action No.: 16-cv- |
| and : | |
| INAYA HARRIS : | |
| Plaintiffs, : | |
| v. : | |
| CAPITAL ONE AUTO FINANCE, : | |
| PEAK SERVICE CORPORATION, : | |
| JOHN DOE REPO-AGENT : | |
| Defendants. : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)   Habeas Corpus -- Cases brought under 28 U.S.C. §2241
through §2255.                                                      (     )

(b)   Social Security -- Cases requesting review of a
decision of the Secretary of Health and Human Services
denying plaintiff Social Security Benefits.                        (     )

(c)   Arbitration -- Cases required to be designated for
arbitration under Local Civil Rule 8.                              (     )

(d)   Asbestos -- Cases involving claims for personal
injury or property damage from exposure to asbestos.               (     )

(e)   Special Management -- Cases that do not fall into
tracks (a) through (d) that are commonly referred to
as complex and that need special or intense management
by the court. (See reverse side of this form for a
detailed explanation of special management cases.)                 (     )

(f)   Standard Management -- Cases that do not fall into any
one of the other tracks.                                           ( X  )

_02/19/2016_
(Date)

_William C. Bensley_
Attorney-at-law
WILLIAM C. BENSLEY, ESQ.
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA -- DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: <u>3443 Marshall Road, Apt B-2, Drexel Hill, PA 19026</u>

Address of Defendant: <u>1440 Union Meeting, Suite 220, Blue Bell, PA 19422</u>

Place of Accident, Incident or Transaction: <u>7281 Spruce Street, Upper Darby, PA 19082</u> *(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒

*RELATED CASE, IF ANY:*   None.

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

   Yes ☐   No ☒

---

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability - Asbestos
9. ☐ All other Diversity Cases

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, <u>William C. Bensley,</u> counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: <u>02/19/2016</u>   _____   _____
      William C. Bensley          79953
      Attorney-at-Law          Attorney I. D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38 .

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: <u>02/19/2016</u>   _____   _____
      Attorney-at-Law          79953
                      Attorney I.D.#

### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VANEE FLOWERS | :    Civil Action No.: 16-cv- |
| and | : |
| INAYA HARRIS | : |
|          Plaintiffs, | : |
|      v. | : |
| | : |
| CAPITAL ONE AUTO FINANCE, | : |
| PEAK SERVICE CORPORATION, | : |
| JOHN DOE REPO-AGENT | : |
|          Defendants. | : |

### COMPLAINT

**A.**    **Jurisdiction and Venue**

1.     Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2.     Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**B.**    **Parties**

3.     Plaintiff, Ms. Vanee Flowers, is an adult individual who presently resides at 3443 Marshall Road, Apt B-2, Drexel Hill, PA 19026.

4.     Plaintiff, Ms. Inaya Harris, is an adult individual who presently resides at 3443 Marshall Road, Apt B-2, Drexel Hill, PA 19026.

5.     Plaintiffs are consumers under 1692a(3) and otherwise covered by the FDCPA as consumers and persons pursuant to 1692c and 1692d, respectively.

6.      Defendant CAPITAL ONE AUTO FINANCE ("COAF") is a corporation engaged in the business of banking and lending with a registered and regular place of business located at 1440 Union Meeting, Suite 220, Blue Bell, PA 19422, and regularly and at all times relevant herein conduct business in the Commonwealth of Pennsylvania and in Philadelphia County.

7.      Defendant PEAK SERVICE CORPORATION ("PEAK") is a corporation regularly engaged in the business of debt collection and automobile repossession in the Commonwealth of Pennsylvania, and with offices 2101 Wallace Blvd., Cinnaminson, NJ  08077.

8.      Defendant JOHN DOE REPO-AGENT is a natural individual and an agent or employee of PEAK.

9.      At all times relevant hereto, defendants acted by and through their agents, servants, and employees who acted within the scope of their authority and within the course of their employment.

10.      At all times relevant hereto, defendant COAF hired the other defendants and the other defendants acted as COAF's agents at all times relevant.

C.    **Factual Allegations**

   a)      **General Allegations**

11.      Plaintiffs financed the purchase of the subject vehicle (2012 Dodge Avenger, VIN: 1C3CDZCB9CN120474) by and through a consumer finance purchase agreement assigned to and held by defendant COAF.

12.      Plaintiffs fell a little behind on her payments.

   b)      **Unlawful Repossession, Assault, Battery, Trespass, Conversion**

13.      Defendant COAF hired defendant PEAK to repossess the subject vehicle.

14.    Defendant PEAK assigned the subject repossession to defendant JOHN DOE REPO-AGENT.

15.    In the morning on November 10, 2015, defendant JOHN DOE REPO-AGENT entered plaintiffs' property at 7281 Spruce Street, Upper Darby, PA 19082 for the purpose of taking the subject vehicle.

16.    Prior to defendant JOHN DOE REPO-AGENT taking possession of the subject vehicle, or even touching it, Plaintiff Flowers told defendant JOHN DOE REPO-AGENT not to take the subject vehicle and to leave her property repeatedly.

17.    Defendant JOHN DOE REPO-AGENT refused to leave the property.

18.    Before defendant JOHN DOE REPO-AGENT had possession of the vehicle, plaintiff Flowers got into the vehicle.

19.    Defendant JOHN DOE REPO-AGENT yelled at plaintiff Flowers to get out the vehicle.

20.    Defendant JOHN DOE REPO-AGENT yelled at plaintiff Flowers was a liar and she was no longer the owner of the vehicle that it was the bank's vehicle.

21.    Defendant JOHN DOE REPO-AGENT threatened to drive away with the vehicle with the plaintiff inside.

22.    Defendant JOHN DOE REPO-AGENT drove a short distance with the plaintiff inside.

23.    Defendant JOHN DOE REPO-AGENT threatened to call the police.

24.    Defendant JOHN DOE REPO-AGENT proceeded to hook up and lift the vehicle with plaintiff Flowers inside.

25.    When plaintiff would not exit the vehicle, Defendant JOHN DOE REPO-AGENT called the police for assistance in effectuating the repossession.

26.    Plaintiff Flowers was extremely afraid and upset.

27.    When the police arrived, Defendant JOHN DOE REPO-AGENT must have misrepresented to the officer either that he had possession of the vehicle before plaintiff Flowers told him to stop and go away and got into the vehicle, or misrepresented that he had a right to take the vehicle even after plaintiff objected.

28.    The police officer told plaintiff to get out of the vehicle.

29.    Based on the police officer's instructions, plaintiff thought she had no choice but to get out of the vehicle and permit Defendant JOHN DOE REPO-AGENT to take it.

30.    Defendants used the police to effectuate the repossession and but for the assistance of the police the repossession would not have been effectuated.

31.    At the time the aforementioned defendants COAF, PEAK, and JOHN DOE REPO-AGENT engaged in the collection and repossession activities described herein, defendants were debt collectors as defined by 15 U.S.C. §1692a(6) insofar as:

a)    Each defendant uses a tow vehicle as an instrumentality of interstate commerce in its business the principal purpose of which is the enforcement of security interest.

b)    Each, by their respective actions in breaching the peace to effectuate a repossession, lost any present right to the collateral securing plaintiff's debt.

32.    Throughout the collection process described above, and as a direct and proximate result of the actions of defendants in harassing, oppressing, and abusing Plaintiff, Plaintiff suffered

4

actual damages in the form of interference with their property rights, physical injuries, emotional distress, anxiety attacks, depression, embarrassment, fear, and sleeplessness, nightmares, and weeping spells, requiring medical treatment, among other negative emotions.

33.     The actions of defendants as before described were performed by their respective agents, officers, and employees within the scope of their actual or apparent authority.

34.     Non-judicial repossessions involve well and long recognized inherent, special and peculiar risks of physical confrontation, including the real and present risk of death or injury, to everyone involved in or around the repossession including the agents, debtor, family, neighbors and bystanders, even if said repossessions are performed in the prescribed manner in accordance with the law.

35.     It is well and long recognized that the mode and manner by which non-judicial repossessions are assigned and effectuated may increase significantly the risk of escalation and physical confrontation and resulting death or injury.

36.     According to a recent report issued from the National Consumer Law Center, entitled Repo Madness: How Automobile Repossessions Endanger Owners, Agents and The Public, self-help or non-judicial repossessions are inherently dangerous and involve the risk of violent confrontation.  Dozens of consumers, repossession agents and bystanders have been killed, injured or traumatized in self-help repossessions done under state laws that allow automobile dealers and lenders to take cars without court action or the involvement of law enforcement.  Pistols, rifles, shotguns, knives, fists and automobiles are frequently wielded as weapons in confrontations arising out of self-help repossessions.  Since Jan. 1, 2007, those

confrontations have resulted in at least six deaths, dozens of injuries and arrests and uncounted traumas.  The report is available on the NCLC auto page:

http://www.consumerlaw.org/issues/auto/index.shtml

    **c)**    **Additional Allegations**

37.    Pursuant to 13 Pa.C.S.A. 9609 and 69 P.S. § 615D COAF and PEAK are responsible and liable for all of their repossessors' conduct.

38.    Anyone involved in a repossession, including hiring a repossessor, must be a licensed Debt Collector-Repossessor.   69 P.S. § 604 [new cite: 12 Pa.C.S.A. §§ 6202 & 6211(a)(3).

39.    Plaintiff advised defendant COAF of the repossession misconduct and demanded the return of the vehicle and her other personal property.

40.    Defendant COAF told plaintiff that her complaints were between her and the repossessor.

41.    Defendant COAF did not provide plaintiff with any post-repossession notice as required under the Uniform Commercial Code (UCC) and Pennsylvania Motor Vehicles Sales Finance Act (MVSFA).

42.    Upon information and belief, defendant COAF retained the vehicle and demanded additional payment despite explicit notice of the subject misconduct.

43.    Upon information and belief, defendant COAF paid defendant PEAK for its service despite explicit notice of the subject misconduct.

44.    Upon information and belief, defendant PEAK received and retained payment for its service despite explicit notice of the subject misconduct.

45.   Upon information and belief, defendant PEAK paid defendant JOHN DOE REPO-AGENTHER service despite explicit notice of the subject misconduct.

46.   Upon information and belief, defendant JOHN DOE REPO-AGENT received and retained payment for his service despite notice of the subject misconduct.

## D.   Causes of Action

### COUNT I
### Violations of the FDCPA
### (Plaintiffs v. ALL DEFENDANTS EXCEPT COAF)

47.   Plaintiffs incorporate all of the facts and allegations set forth in this Complaint.

48.   Plaintiffs were "consumers" under the FDCPA.  15 USC § 1692a(3).

49.   At all times relevant hereto, plaintiffs constituted "persons" and fell within the scope and protections of the FDCPA, including protection from any conduct the natural consequence of which is to harass, oppress or abuse and/or which arises out of any unlawful repossession.

50.   At all times relevant hereto Defendants PEAK and JOHN DOE REPO-AGENT were attempting to collect an alleged debt to which was incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

51.   At the time of the subject unlawful repossession, defendants had lost their then present right of possession, if any, as a result of the above-described breeches of the peace, including the taking of the vehicle over plaintiff's objections, the assault and battery of plaintiff, the defiant trespass on plaintiff's property, and the loss of her vehicle and other personal property.

52.   The aforesaid Defendants, by their conduct as described above, violated the

FDCPA as follows:

a) §1692d, engaged in conduct the natural consequence of which is to harass, oppress, or abuse a person;

c) §1692e(7), engaged in conduct to disgrace the debtor by communicating with third-parties concerning the debt;

d) §1692f, by unfairly and unconscionably collecting or attempting to collect the debt by its actions described above and below;

e) § 1692d(1), used or threatened the use of violence or other criminal means to harm the consumer or his/her property;

f) § 1692d(2), used profane language or other abusive language;

g) § 1692e(5), threatened to take any action that cannot legally be taken or that is not intended to be taken;

h) § 1692e(10), used any false representation or deceptive means to collect a debt or obtain information about a consumer;

i) § 1692f(6)(a), took or threatened to unlawfully repossess or disable the consumer's property without right;

j) § 1692b(2) Contact of Third Party: Stated that the consumer owes any debt;

k) § 1692c(B) With anyone except consumer, consumer's attorney, or credit bureau concerning the debt;

l) § 1692e(7) Consumer committed any crime or other conduct in order to disgrace the consumer;

m)      § 1692f(1) Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

**COUNT II**
**Violation of U.C.C.**
**(Plaintiffs v. DEFENDANTS)**

53.     Plaintiffs incorporate all facts and allegations set forth in this Complaint.

54.     The "repossession" of the subject vehicle by defendants which is collateral for the debt falls within the definition of "consumer goods" contained in 13 Pa. C.S.A. § 9102. The transaction in question was a consumer-goods transaction in that plaintiff owed the obligation primarily for personal, family or household purposes, and the collateral was consumer goods.

55.     Plaintiffs both fell within the scope and protections afforded by the UCC from unlawful repossessions.

56.     Pursuant to the UCC Section 9609, a non-judicial (self-help) repossession – without a Court Order – may only be effectuated where there is a default, an enforceable contract, and without breaching the peace.

57.     Defendants violated the provisions of Article 9, Part 6 of the U.C.C., including, but not limited to committing a breach of the peace in the repossession of the subject Vehicle in violation of 13 Pa. C.S.A. § 9609(b)(2) by:

a)      Harassing, oppressive and abusive behavior described above such as impersonating law enforcement and threatening arrest which is an affront to public order;

b)      Threatening Plaintiff;

c)      Refusing to stop and leave;

d)      Using profanity;

e)      Using the police to effectuate the repossession;

f)      Making a false report to the police.

58.     None of the Defendants possessed a valid and then present right of possession at the time of the attempted or effectuated repossessions.

59.     Defendants violated 13 Pa.C.S.A. §§ 9612-9614 and 12 Pa.C.S.A. § 6254 by failing to provide the required post-repossession notice.

60.     These U.C.C. violations caused plaintiff actual damages, including the loss of the value and use of the vehicle and other personal property and extreme emotional distress, and, in additional and/or in the alternative, statutory damages under 13 Pa. C.S.A. § 9625.

**COUNT III**
**BREACH OF CONTRACT**
**(Plaintiffs v. COAF)**

61.     Plaintiffs incorporate all facts and allegations set forth in this Complaint.

62.     Pursuant to information and belief, the subject financing agreement contained provisions prohibiting the repossession of the subject vehicle involving a breach of the peace.

63.     As a result of the aforementioned breach, Plaintiffs suffered the injuries and damages set forth more fully above and below.

## COUNT IV
## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT(FCEUA)
## 73 P.S. § 2270.1 et. seq.
## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER
## PROTECTION LAW (UTPCPL)
## 73 P.S. § 201-1 et. seq.
## (Plaintiffs v. Defendants)

64.     Plaintiffs incorporate all facts and allegations set forth in this Complaint.

65.     Defendant COAF is a "creditor" and Defendants PEAK and JOHN DOE REPO-
AGENT are "debt collectors" as defined by 73 P.S. § 2270.3 of the FCUEA.

66.     Plaintiffs are "consumers" as defined by 73 P.S. § 2270.3 of the FCUEA.

67.     Plaintiffs fell within the scope of the protections of the FCUEA, FDCPA and
UCC from unlawful repossessions and harassing, oppressive and abusive behavior.

68.     Insofar above described breaches of the peace by terminated their present right of
possession of the vehicle as collateral, then Defendants had no right to the vehicle's possession
insofar as the neither the RISC nor the UCC nor the finance agreement permits non-judicial
repossession of the vehicle in breach of the peace.

69.     Insofar as the aforesaid breaches of the peace described above terminated its
present right of possession of the vehicle as collateral, then COAF, PEAK and JOHN DOE
REPO-AGENT had no right to its possession insofar as the purchase contract does not allow
repossession of the vehicle in breach of the peace.

70.     All of the above contacts by Defendants were "communications" relating to a debt
as defined by 73 P.S. § 2270.3 of the FCUEA.

71.     The foregoing acts and omissions of these Defendants constitute numerous and
multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a),

11

as evidenced by the following conduct:

a) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

b) The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

c) Making false, deceptive, or misleading representations with regard to the character, amount or legal status of the alleged debt;

d) The use of false representation or deceptive means to collect a debt or obtain information about a consumer;

e) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt;

f) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader;\

g) The false representation of the character, amount or legal status of any debt;

h) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, attachment or sale of any property of any person unless such action is lawful and the creditor intends to take such action;

i) The threat to take any action that cannot legally be taken or that is not intended to be taken;

j) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer;

12

k) The collection of any amount, including any interest, fee, charge or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law;

l) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if: (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest.

m) Attempting to collect any amount not authorized by agreement or permitted by law.

72.     Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law with the purpose of coercing Plaintiff to pay the debt.

73.     As a result of the above violations of the FCUEA and UTPCPL, Plaintiffs suffered an ascertainable loss in the use and value of the vehicle and their other personal property, damage to their credit rating and credit reputation, invasion and interference with their real and personal property rights and use, entitling them to an award of statutory, actual and treble damages and attorney's fees and costs.

### COUNT V
### Assault and Battery
### (Plaintiff Flowers v. Defendants)

74.     Plaintiff incorporates all facts and allegations set forth in this Complaint.

75.     The assault and battery committed by the Defendants more fully described above put the Plaintiff in immediate fear for her physical safety and well-being.

76.     The assault and battery was unprovoked and in no manner whatsoever due to any

act or failure to act on the part of the Plaintiff.

77.     The assault and battery was without consent, right or justification.

78.     As a result of the assault and battery, Plaintiff suffered physical injuries and all Plaintiff sustained severe emotional distress, including loss of sleep, loss of appetite, fear, and upset stomach.

79.     As a result of the assault and battery, Plaintiff previously diagnosed PTSD condition related to a prior abusive relationship was aggravated and exacerbated.

**COUNT VI**
**Conversion**
**(Plaintiffs v. Defendants)**

80.     Plaintiffs incorporate all facts and allegations set forth in this Complaint.

81.     Pursuant to the established business practices established and implemented by all the Defendants, without right or justification, Defendants took possession, dominion and/or control of Plaintiffs' vehicle and other personal property and denied plaintiff possession, use and enjoyment thereof and withheld and refused and refuse to return it – all without right.

82.     The subject vehicle was transferred to the defendants' possession.

83.     Defendants retained possession and refused to return the vehicle and other personal property without immediate and further payment without right.

84.     As a result of the Defendants' misconduct, the Plaintiffs were deprived of the use and enjoyment of the subject vehicle and other personal property, the use and enjoyment of the amount financed, and incurred inconveniences and frustration, together with the other damages set forth above and below.

85.     The defendants' individual and collective acts and/or omissions were substantial

contributing factors and causes of violations of the duties as set forth in this Count and to plaintiff's indivisible harm and damages more fully described above and below, and render the defendants joint and severally liable to the Plaintiff.

## COUNT VII
### Negligence
### (Plaintiffs v. Defendants)

86.    Plaintiffs incorporate all facts and allegations set forth in this Complaint.

87.    Non-judicial repossessions are inherently dangerous and include the foreseeable risk of confrontation, violence and tortious acts.

88.    Defendants had a non-delegable duty to guarantee and ensure that any non-judicial repossession would be effectuated in accordance with the law and without a breach of the peace.

89.    In order to fulfill its non-delegable duty to guarantee and ensure that any non-judicial repossessions were effectuated in accordance with the law and without a breach of the peace, had a duty to exercise reasonable care in the hiring, training, supervision, and use of repossession agencies and agents.

90.    Defendant PEAK, as employer and principal of defendant JOHN DOE REPO-AGENT, had a duty of reasonable care in the hiring, training and supervising defendants with respect to their repossession activities.

91.    Defendant PEAK, as employer and principal of defendant JOHN DOE REPO-AGENT, had a duty of reasonable care in the hiring, training and supervising defendant with respect to their repossession activities.

92.    Defendant JOHN DOE REPO-AGENT had a duty to use reasonable care in the hiring, training, and supervision of its repossession agents so that they would act in accordance

with all applicable laws, and with due regard for the rights, health and safety of the public with whom they would interact on behalf of their employers.

93.     Defendants breached their duty of care in their hiring, training and supervision of the agents used to perform non-judicial repossessions.

94.     Defendants' agents breached their duty of care in effectuating repossessions in accordance with the applicable laws and standards.

95.     Defendants breached their duty and were negligent in the following manner;

   a)     Failing to investigate or obtain adequate assurance that all agencies and agents were certified by a reputable organization;

   b)     Failing to investigate or obtain adequate assurance that all agencies and agents knew, understood and operated according to the applicable laws, including the law against breaching the peace;

   c)     Failing to investigate or obtain adequate assurance that all agents received adequate training and were subject to adequate supervision;

   d)     Failing to investigate or obtain adequate assurance that all agencies and agents employed adequate recordkeeping procedures;

   e)     Failing to investigate or obtain adequate assurance that all agencies and agents had adequate written guidelines for the performance of their jobs and for effectuating repossessions;

   f)     Failing to have adequate written guidelines regarding how repossessions must be effectuated to avoid breaches of the peace.

   g)     Failing to investigate or obtain adequate assurance that all agents were

16

certified by a reputable organization;

h)   Failing to employ proper recordkeeping polices and practices;

i)   Failing to have adequate written guidelines regarding how repossessions must be effectuated to avoid breaches of the peace;

j)   Failing to have adequate knowledge of the law and regulations related to self-help or non-judicial repossessions, including not breaching the peace, and consumer rights to resist.

k)   Failing to adhere to the laws and regulations requiring non-judicial repossessions may only be effectuated without a breach of the peace, and without conflict or objection.

96.   Defendants do not now and have never investigated or obtained adequate assurance of any of the following:

a)   that any of its repossession services or agents is certified;

b)   that any of its repossession services or agents understands the laws and regulations related to self-help repossessions;

c)   that any of its repossession services or agents understands what is and is not a breach of the peace;

d)   its repossession services' and agents' standard policies and practices for effectuating self-help repossessions;

e)   its repossession services' and agents' criminal backgrounds;

f)   whether its repossession services or agents carry weapons while performing self-help repossessions;

g)     its repossession services' and agents' record keeping policies and practices, especially related to consumer objections and/or confrontations;

h)     its repossession services' and agents' policies and practices related to consumer objections and demands to stop the self-help repossession;

i)     its repossession services' and agents' policies and practices related to using police to effectuate self-help repossessions.

97.     Defendants do not now and have never provided its repossessions services or agents with any training, instruction, guidelines (written or otherwise) on how to effectuate self-help repossessions, including any information regarding the laws applicable to self-help repossessions, what a breach of the peace is, consumer rights to object and demand a stop to the repossession, using the police to effectuate the repossession, yelling at or insulting consumers, recording the circumstances of any consumer objections or confrontations, and/or regarding what to do or not to do during a self-help repossession.

98.     The Plaintiff, as owner and possessor of the subject vehicle, was owed the duty of proper hiring, training and/or supervision.

99.     Defendants' compensation, training and/or supervision of the defendant repossession agents encouraged the defendant repossession agents to breach the peace in furtherance of their repossession activities, by, among other things, ignoring consumer objections or instructions to stop and/or using police officers to effectuate repossessions.

100.    The aforesaid compensation, hiring, training and supervision encouraged negligent, conduct, and was in complete disregard for the health, safety and rights of persons, including the Plaintiff; therefore, the acts were negligent.

101.    As a direct result of the aforesaid breach of duty, Plaintiff suffered the injuries and damages set forth more fully above and below.

### COUNT VIII
### Trespass
### (Plaintiffs v. Defendants)

102.    Plaintiffs incorporate all facts and allegations set forth elsewhere in this Complaint.

103.    Defendants intentionally and voluntarily interfered with Plaintiffs' ownership and use of her real and personal property and intentionally and voluntarily refused to return said personal property, and with notice and objection that the trespass was forbidden.

104.    Plaintiffs owned the subject personal property and were the only one with a present enforceable right of possession.

105.    Plaintiffs owned and/or occupied the subject real property and a possessory right and right to exclude defendants.

106.    Defendants trespassed without right or privilege.

107.    The acts of Defendants were malicious, wanton and reckless.

108.    As a direct result of the aforesaid acts of Defendants, the Plaintiff suffered the emotional distress and other damages outlined above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendants for the following:

A.  Declaratory judgment that the noted defendants' conduct violated the FDCPA,

UTPCPL, UCC and FCEUA.

B.  Statutory damages pursuant to 15 U.S.C. § 1692k;

C.  Actual damages for physical injury, fear, and emotional distress, and damages to

credit ratings and credit reputations;

D.  Reasonable attorney fees and costs.

E.  Damages under the U.C.C. as described herein;

F.  Actual damages for loss of the use and value of the vehicle;

G.  Treble damages and counsel fees pursuant to the FCEAU and UDAP.

H.  Punitive damages.

## TRIAL BY JURY

128.    Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const.

amend. 7. Fed. R. Civ. Pro. 38.

Dated: _02/19/2016_

**BENSLEY LAW OFFICES, LLC**
**Attorney for Plaintiff**
**By:  William C. Bensley, Esquire**
**Pa. Id. No. 79953**
**1500 Walnut Street, Suite 900**
**Philadelphia, PA 19102**
**(267) 322-4000**

<u>Certificate of Service</u>

I, WILLIAM C. BENSLEY, counsel for Plaintiff, hereby certify that I filed the foregoing electronically and that all parties who have entered appearances have been served via ECF email. All other parties have been served by first-class mail.

Dated: _____                              /s/ WILLIAM C. BENSLEY